IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DUSTY CHAPLINE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF DES MOINES, IOWA,<br><br>    Defendant. | **No. 4:26-cv-00103-RGE-SBJ**<br><br><br>**ORDER DENYING DEFENDANT'S MOTION TO PARTIALLY DISMISS** |

## I.    INTRODUCTION

Plaintiff Dusty Chapline brings suit against Defendant City of Des Moines, Iowa, for sex discrimination, harassment, and retaliation under the Iowa Civil Rights Act and Title VII. Chapline's claims arise from her employment as a police officer with the City of Des Moines, where she alleges she was overlooked for promotions, denied career advancement and leadership opportunities, and retaliated against for reporting misconduct. The City of Des Moines moves to partially dismiss Chapline's claims based on specific facts alleged in the petition.

For the reasons set forth below, the Court denies the City of Des Moines's motion to partially dismiss.

## II.    BACKGROUND

### A.    Factual Background

The Court accepts the facts alleged in Chapline's petition as true for the purpose of considering the City of Des Moines's motion to partially dismiss. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

The City of Des Moines hired Chapline as a police officer in August 2012. Pet. ¶ 10, ECF No. 3-2. Chapline was promoted to Senior Police Officer in 2014 and Sergeant in 2022. *Id.* ¶¶ 11–12.

In February 2023, Chapline requested to attend the Federal Bureau of Investigation (FBI) Law Enforcement Executive Development Association (LEEDA) trilogy, a leadership training program. *Id.* ¶ 17. Her request was denied, while male colleagues were encouraged and permitted to attend. *Id.* ¶¶ 19–22. After a male supervisor intervened on her behalf, Chapline was permitted to attend the first portion of the training. *Id.* ¶ 24–26.

In July 2023, Chapline experienced harassment while working as part of a Hero Academy team. *Id.* ¶ 32. Chapline filed a formal harassment complaint in August 2023 after the Hero Academy concluded. *Id.* ¶ 35. The investigator for the City of Des Moines did not interview all witnesses to the harassment prior to closing the investigation for "insufficient evidence." *Id.* ¶¶ 48–50. Chapline was told the City of Des Moines did not interview witnesses so as to avoid embarrassing the Department. *Id.* ¶¶ 56, 80. The City of Des Moines refused to provide Chapline with a copy of the investigation report and only allowed her to review it in person. *Id.* ¶ 52.

In January 2024, Chapline received an email requesting volunteers for the 2024 Women's Conference planning committee. *Id.* ¶ 38. Chapline had previously served on the committee and responded to the email, expressing her interest in volunteering to serve on the committee again. *Id.* ¶ 39. She was told she would be placed on the waitlist. *Id.* ¶ 40. Male officers, who had no prior involvement with the Women's Conference, were selected to serve on the planning committee after Chapline was put on the waitlist. *Id.* ¶¶ 41–42. Chapline was never added to the planning committee. *Id.* ¶ 44.

In March 2024, Chapline resubmitted her request to attend the last two FBI LEEDA training courses and was denied. *Id.* ¶¶ 58–60. In the same timeframe Chapline was denied her request to attend the second FBI LEEDA training course, a male colleague was approved to complete all three parts of the training by the same supervisor. *Id.* ¶ 62. Male officers were approved for the same or similar training programs without issues or delays. *Id.* ¶¶ 69, 81–87. Chapline was told her requested courses were too close together in time, but Chapline's male

colleagues were approved for consecutive courses without restrictions. *Id.* ¶¶ 88–89.

On March 28, 2024, Chapline met with a Human Resources officer to report "retaliation, gender discrimination, exclusion, and concerns about the investigation into her July 2023 sexual harassment complaint." *Id.* ¶ 70. On April 29, 2024, the Human Resources officer told Chapline the City of Des Moines was not going to investigate and the investigation was closed. *Id.* ¶ 79.

In September 2024, Chapline's squad was moved to a new male sergeant. *Id.* ¶ 91. Chapline was removed from her supervisory duties and reassigned to a rover position. *Id.* ¶¶ 91–92. An officer who was not part of Chapline's squad was chosen as Field Training Officer to train Chapline's replacement, which comes with additional compensation. *Id.* ¶¶ 98–101. The City of Des Moines denied Chapline from serving as Watch Commander, a temporary leadership position assigned when supervisory officers are not on duty, other than on New Year's Eve and New Year's Day. *Id.* ¶¶ 102–03, 106, 144–45, 149. Male sergeants with less seniority than Chapline were assigned as Watch Commander. *Id.* ¶ 150.

On October 11, 2024, Chapline filed a complaint with the Iowa Civil Rights Commission (ICRC) against the City of Des Moines, alleging gender discrimination and retaliation. *Id.* ¶¶ 5, 107.

In November 2024, Chapline's colleagues were issued administrative interview notices with an additional page attached describing a complaint about gender bias, failure to promote, and failure to train. *Id.* ¶¶ 109–10. This additional attached page was "unprecedented" and made it clear Chapline was the complainant. *Id.* ¶ 111. When an officer handed out the notices, he asked Chapline if she knew what it was regarding. *Id.* ¶ 113. He did not ask the question to male officers. *Id.* An officer reported within an hour of the distribution of the notices that another officer had announced at roll call that Chapline had filed a lawsuit. *Id.* ¶ 121.

Chapline notified a Human Resources officer to report the disclosure of her ICRC complaint and incident, and explained the disclosure seemed retaliatory. *Id.* ¶¶ 117–18. In

November 2024, Chapline was informed the City of Des Moines had retained an outside investigator to investigate the disclosure. *Id.* ¶ 127. The investigator has recently defended the City of Des Moines in a different lawsuit involving sex discrimination and retaliation. *Id.* ¶¶ 128–29.

In January 2025, Chapline submitted a new request to attend the final FBI LEEDA training course in Arizona. *Id.* ¶¶ 153, 158. Chapline had previously requested to attend the training when it was offered at the Des Moines Police Academy for free. *Id.* ¶¶ 154, 163. Chapline's request had been denied, while male colleagues' requests were approved. *Id.* ¶¶ 155–56. Chapline's renewed request, to attend the training in Arizona, was initially approved. *Id.* ¶ 160. Chapline's request was then denied. *Id.* ¶ 167. She was directed to attend later sessions of the training, which required her to complete alternative coursework due to the delay. *Id.* ¶¶ 168–69, 171–72.

In March 2025, Chapline received the findings from the investigation into the disclosure of her ICRC complaint from the outside investigator. *Id.* ¶ 175. The findings stated the disclosure was the result of the "rumor mill" and could not be attributed to any actions by the City of Des Moines. *Id.* ¶ 176. The findings further stated officers had legitimate reasons for copying supervisors on communications with Chapline and assigning Chapline to Watch Commander solely on New Year's, but did not provide explanation to support those conclusions. *Id.* ¶ 178.

On April 2, 2025, Chapline filed another complaint with the ICRC and the Equal Employment Opportunity Commission (EEOC). *Id.* ¶ 6.

Additional facts are set forth below as necessary.

### B.    Procedural Background

Chapline filed a petition in the Iowa District Court for Polk County, alleging sex discrimination and harassment in violation of the Iowa Civil Rights Act (Count I), retaliation in violation of the Iowa Civil Rights Act (Count II), sex discrimination and harassment in violation of Title VII (Count III), and retaliation in violation of Title VII (Count IV). ECF No. 3-2. Des Moines County removed to this Court. Def.'s Notice Removal, ECF No. 1.

4

The City of Des Moines moves to partially dismiss certain facts from Chapline's petition, arguing the facts are not sufficient to support Chapline's claims under the Iowa Civil Rights Act and Title VII. Def.'s Mot. Partially Dismiss, ECF No. 2; Def.'s Br. Supp. Mot. Partially Dismiss, ECF No. 2-1. Chapline resists. Pl.'s Resist. Def.'s Mot. Partially Dismiss, ECF No. 4. The City of Des Moines replies. Def.'s Reply Supp. Mot. Partially Dismiss, ECF No. 5.

The parties did not request oral argument and the Court declines to order it, finding the parties' briefing adequately presents the issues. *See* Fed. R. Civ. P. 78(b); LR 7(c). Having considered the parties' briefing and applicable law, the Court denies the City of Des Moines's motion to partially dismiss for the reasons set forth below.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim if a party fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *accord Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). The aim of the plausibility standard "is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian*, 760 F.3d at 848 (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

Plaintiffs must "nudge[] their claims across the line from conceivable to plausible, [else] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.*

The Court must accept as true all factual allegations in the complaint but not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012).

## IV.    DISCUSSION

Chapline alleges claims of discrimination, harassment, and retaliation under the Iowa Civil Rights Act and Title VII based on the City of Des Moines's conduct during Chapline's employment as a police officer. ECF No. 3-2. The City of Des Moines moves to partially dismiss for failure to state a claim, arguing Chapline's "allegations of improper conduct" "simply are not severe enough or do not affect a term or condition of employment." ECF No. 2-1 at 4. The City of Des Moines also argues claims based on portions of the petition are untimely. *Id.* at 5–6. Finally, the City of Des Moines requests the Court "dismiss all claims based on [identified] allegations," identifying specific portions of the petition for dismissal. *Id.* at 11.

The City of Des Moines erroneously relies on substantive arguments more properly addressed on a motion for summary judgment rather than a motion to dismiss. The City of Des Moines requests the Court dismiss specific facts from the petition because Chapline's allegations "simply are not severe enough or do not affect a term or condition of employment." ECF No. 2-1 at 4. At the motion to dismiss stage of litigation, a petition must plead facts sufficient to state a claim for relief that is plausible on its face so as to "give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian*, 760 F.3d at 848 (internal quotation marks and citation omitted); *see Iqbal*, 556 U.S. at 678. Chapline must plead facts to "nudge[] [her] claims across the line from conceivable to

plausible;" once this occurs, she has satisfied her burden. *Twombly*, 550 U.S. at 570.[1] The City of Des Moines requests the Court hold Chapline's petition to a higher standard of review and evaluate the merits of her claims at the motion to dismiss stage of proceedings. *See, e.g.,* ECF No. 2-1 at 7 ("the Court should dismiss claims based on these facts because Sgt. Chapline could not succeed on these claims at trial"). This request is premature. The petition pleads facts sufficient to state a claim for relief that is plausible on its face; Chapline is not required to do more.

The City of Des Moines also argues portions of the petition must be dismissed as untimely because certain events occurred more than 300 days before Chapline filed her administrative charge with the EEOC. *Id.* at 5–10; *see* 42 U.S.C. § 2000e-5(e)(1) (requiring complainant to file an administrative charge with the EEOC within 300 days of an alleged discriminatory act if is complainant initially filed with a state agency). The Supreme Court has foreclosed this argument, stating:

> The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). Chapline has sufficiently alleged acts contributing to her hostile work environmental claim occurred within the 300-day period prior to her EEOC charge—after December 16, 2023. *See* ECF No. 3-2 ¶¶ 38–179. Therefore, the 300-day limitations period is not grounds for dismissal of Chapline's claims.

Lastly, the relief requested by the City of Des Moines is procedurally improper. The City of Des Moines requests the Court excise and dismiss specific paragraphs of the petition for failure

---

[1] After correctly citing the standard for a motion to dismiss, *see* ECF No. 2-1 at 2, the City of Des Moines almost exclusively relies on cases decided at the summary judgment stage of proceedings to argue its motion to dismiss. ECF No. 2-1 at 5–10.

to state a claim. ECF No. 3-2 at 11. Rule 12(b)(6) authorizes dismissal of a "claim for relief" for failure to state a claim—the Rule does not authorize dismissal of specific facts upon which a claim is based. Fed. R. Civ. P. 12(b)(6). The City of Des Moines fails to identify in its motion which claim or claims it seeks to dismiss; indeed, the City of Des Moines admits the petition "pleads some facts sufficient to support causes of action." ECF No. 2-1 at 11. The City of Des Moines seemingly recognizes its error in its reply. ECF No. 5 at 2 ("Plaintiff has convinced the City to move to dismiss her hostile work environment claims, in their entirety.").[2] The request by the City of Des Moines to "surgically redact factual narrative from the Petition," ECF No. 4 ¶ 2, is not a permissible use of a Rule 12(b)(6) motion to dismiss.

The City of Des Moines's motion to partially dismiss is denied.

## V.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant City of Des Moines's Motion to Partially Dismiss, ECF No. 2, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of April, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

---

[2] The City of Des Moines improperly moves to dismiss in its reply supporting its original motion to dismiss. *See* Fed. R. Civ. P. 7(b); LR 7(e).